[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the defendant's motion to strike counts two and three of the plaintiff's complaint on the ground that the plaintiff failed to sufficiently allege a claim of recklessness.
 I FACTS AND PROCEDURAL BACKGROUND
The present action arises out of a collision between the plaintiff, Joseph Danielewicz, and the defendant, Robert Boomhower, Jr. The plaintiff's complaint filed March 19, 2001, alleges the following facts: At the time of the collision, the plaintiff was driving north on West Street in Bristol, Connecticut. Boomhower was operating a tractor trailer owned by the defendants, Allied Automotive Group and/or Allied Systems, LTD. The plaintiff alleges Boomhower backed the tractor trailer out of Upson Street onto West Street and collided with the plaintiff's vehicle causing the plaintiff's vehicle to flip over and skid approximately ninety feet. CT Page 12639
Count one of the plaintiff's complaint alleges negligence against all defendants. Count two alleges recklessness against all defendants and seeks punitive and exemplary damages. Count three alleges recklessness against all defendants and seeks double or treble damages. On May 14, 2001, the defendants filed a motion to strike counts two and three and the prayer for punitive/exemplary and double/treble damages on the ground that the plaintiff failed to allege sufficient facts to sustain a claim of common law or statutory recklessness. The plaintiff timely filed an objection. The court heard oral argument at short calendar on May 29, 2001, and now issues this memorandum of decision.
 II STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). The court must "take the facts to be those alleged in the complaint. and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia,253 Conn. 516, 522-23, 753 A.2d 927 (2000).
"[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted; internal quotation marks omitted.) Doe v.Yale University, 252 Conn. 641, 667, 748 A.2d 834 (2000). "A motion to strike . . . does not admit legal conclusions or the truth or accuracy ofopinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 588, 693 A.2d 293 (1997).
 III DISCUSSION
The defendants move to strike counts two and three on the ground that the plaintiff failed to allege facts sufficient to sustain a claim of common law or statutory recklessness. The defendants argue that the plaintiff merely restated the negligence allegations of the first count CT Page 12640 and attempts to convert those allegations by inserting conclusory recklessness language. The plaintiff argues, to the contrary, that he included additional factual allegations in counts two and three sufficient to rise to the level of recklessness.
 A Common Law Recklessness
Count two of the plaintiff's complaint includes the factual allegations of the negligence claim, which includes allegations that Boomhower's "vehicle was backing out of Upson Street onto West Street"; (Complaint, count one, ¶ 2); and "backed into the plaintiff's vehicle causing the plaintiff's vehicle to flip over and slide approximately 90 feet." (Complaint, count one, ¶ 3.) The plaintiff adds to count two, sounding in common law recklessness, an allegation that Boomhower, "with reckless disregard, backed his tractor trailer into oncoming traffic." (Complaint, count two, ¶ 7.)
"The allegations of one count of a complaint based on common law reckless conduct must be separate and distinct from the allegations of a second count sounding in negligence." Hanchar v. Silver Hill Hospital,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 163502 (February 29, 2000, D'Andrea, J.). "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." (Internal quotation marks omitted.) Kostiuk v. Queally, 159 Conn. 91,94, 267 A.2d 452 (1970). "Simply using the word `reckless' or `recklessness' is not enough." (Internal quotation marks omitted.) Id.
"[W]here the allegations of a count of a contested pleading support a cause of action of recklessness, [however], the count sounding in recklessness may well be sufficient to withstand a motion to strike even though the allegations of reckless conduct are also alleged as a basis of negligent conduct in a count sounding in negligence." Haley v.Connecticut Light Power, Superior Court, judicial district Ansonia-Milford at Milford, Docket No. 59027 (November 9, 1999, Nadeau,J.); see also Walters v. Tanner, Superior Court, judicial district of New London at New London, Docket No. 549835 (November 15, 1999, Martin, J.). "Rather than follow a mechanistic approach . . . it seems more appropriate . . . to examine instead whether the facts that are alleged could, under any set of facts admissible under the pleadings, support a conclusion of recklessness." Triano v. Fitzpatrick, M.D., Superior Court, judicial district of New Britain, Docket No. 494828 (February 17, 2000, Graham, J.). CT Page 12641
"In order to establish that the [defendant's] conduct was . . . reckless . . . the plaintiff must prove, on the part of the [defendant], the existence of a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134,181, 749 A.2d 1147 (2000). "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608, ¶ 14-15, 539 A.2d 108
(1988). "It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . ." (Internal quotation marks omitted.) Dubay v. Irish,207 Conn. 518, 533, 542 A.2d 711 (1988).
Reading the plaintiff's allegations in a light most favorable to sustaining the complaint, the court finds that the plaintiff has not alleged facts which rise to the level of recklessness. The plaintiff's allegations that the defendant backed into oncoming traffic do not demonstrate "more than a failure to exercise a reasonable degree of watchfulness;" Shay v. Rossi, supra, 253 Conn. 181; "knowledge of the serious danger to others;" Bishop v. Kelly, supra, 206 Conn. 615; or "more than mere thoughtlessness or inadvertence, or simply inattention."Dubay v. Irish, supra 207 Conn. 533. Accordingly, the defendants' motion to strike count two and the prayer for punitive/exemplary damages is hereby granted.
 B Statutory Recklessness
Count three of the plaintiff's complaint incorporates the factual allegations of count two and adds an allegation that Boomhower "with reckless disregard . . . operated a motor vehicle . . . in violation of CT Page 12642 the statutes set forth below, and such violations were a substantial factor in causing the injuries to the plaintiff'; (Complaint, count three, ¶ 7); and refers to General Statutes § 14-222.[1]
(See Complaint, count three, ¶ 7a.).
General Statutes § 14-295 provides that "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party hasdeliberately or with reckless disregard operated a motor vehicle inviolation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantialfactor in causing such injury, death or damage to property." (Emphasis added.)
The Connecticut appellate court has not addressed the pleading requirements of § 14-295 and there is a split of authority in the superior court on the issue. One line of cases requires a plaintiff to plead specific facts supporting a claim of recklessness, such that would support a claim of recklessness at common law. See, e.g., Chatterton v.Infinity Ins. Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 064615 (October 1, 1999, Arnold, J.) (holding that an allegation of a reckless violation of an enumerated statute is not sufficient to invoke § 14-295); McGuire-Kelley v. Sciuto, Superior Court, judicial district of New Haven at New Haven, Docket No. 428860 (October 1, 1999, Devlin, J.) (same); Nocera v. Besso, Superior Court, judicial district of Middlesex at Middletown, Docket No. 086777 (September 29, 1999, Gordon, J.) (same). The second line of cases holds that a plaintiff need only allege a deliberate or reckless violation of one of the statutes enumerated in § 14-295 and that such violation was a substantial factor of the plaintiff's injury. See, e.g., Erdman v.Dowdy, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 360603 (March 29, 2000, Skolnick, J.) (holding that the plaintiff is not required to allege the elements for common law recklessness to maintain a claim for treble damages pursuant to §14-295); Walker v. Gellert, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 066114 (December 22, 1999,Grogins, J.) (same); Haji-Ahmend v. Lake, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 162876 (September 30, 1999, Hickey, J.) (same); Ditillo v. Van Geerdele, Superior Court, judicial district of Waterbury, Docket No. 149690 (August 3, 1999, Gill,J.) (same).
This court finds that line of cases requiring the pleading of specific facts supporting a claim of recklessness to be most persuasive. As stated above, the plaintiff in the present case has not pleaded sufficient facts CT Page 12643 to sustain a claim of recklessness. Accordingly, the defendants' motion to strike count three and prayer for double/treble damages is hereby granted.
BY THE COURT
ANGELO L. dos SANTOS JUDGE OF THE SUPERIOR COURT